**The below described is SIGNED.**

**Dated: December 17, 2009**

_____
**R. KIMBALL MOSIER**
**U.S. Bankruptcy Judge**



_____

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re: | Bankruptcy Number: 09-32502 |
| West Daniels Land Association, Inc., | Chapter 11 |
| | Judge R. Kimball Mosier |
| Debtor. | |

## MEMORANDUM DECISION

This matter came before the Court on the 3rd day of December 2009 on an emergency motion filed by the Town of Daniel, Utah, a Utah Municipal Corporation (Town). Douglas J. Payne of Fabian & Clendenin appeared on behalf of Town, Michael W. Baldwin of Michael Baldwin, PLC appeared on behalf of West Daniels Land Association, Inc. (Debtor). John Morgan appeared on behalf of the United States Trustee.

The Debtor commenced this Chapter 11 bankruptcy proceeding on November 10, 2009 (Petition Date). Two months prior to that, on September 9, 2009, Town obtained a state court order granting Town immediate use and occupancy to a parcel of real property (Required Property) owned by the Debtor, so that Town could construct a new culinary water system.

Upon learning that Debtor had commenced this bankruptcy proceeding, Town filed an emergency motion for relief from stay (Relief From Stay Motion) in order to allow the Town to continue its occupancy and use of the Required Property.

The relief sought by Town is an order pursuant to §362(d)(1)[1] modifying the automatic stay to allow Town's continued use and occupation of a 7.71 acre parcel of real property located in Wasatch County (7.71 Acre Parcel of Land) pursuant to the terms of an *Order Granting Motion for Immediate Occupancy* (State Court Order) entered in the Fourth District Court in and for Wasatch County, State of Utah, Heber City Department (State Court) on September 9, 2009. In the alternative Town seeks an order finding that the automatic stay did not apply under § 362(b)(4).

Because the only defenses raised by Debtor to the Relief From Stay Motion are barred by the *Rooker-Feldman* doctrine which prevents this Court from reviewing state court judgments, and because Town has shown that good cause exists to grant the Relief From Stay Motion, this Court will modify the automatic stay to allow the Town to continue its use and occupancy of the Required Property in accordance with the provisions of the State Court Order.

## **FACTS**

On September 9, 2009, the Fourth District Court in and for Wasatch County, State of Utah issued the State Court Order in civil number 090500369[2]. The State Court Order concerns

---

[1] Statutory references herein are to Title 11 of the United States Code, unless stated otherwise.

[2] The State Court Order reflects that at the hearing, the State Court concurrently heard the Debtor's Motion to Stay Condemnation Proceedings in the case of *West Daniels Land Association v. Daniels Domestic Water Co.,* Civil No. 070500468. The State Court entered a separate order on the Debtor's Motion to Stay Condemnation Proceedings.

the Required Property which is at the center of the dispute between the Debtor and Town. Some of the facts established in the State Court Order are as follows:

(1) Town is a municipal corporation located in Wasatch Country, State of Utah; (2) as of December 1, 2008, Town has taken on the duty to provide municipal water to Town's residents; (3) to that end, Town accepted a water system previously operated by Daniel Domestic Water Company; (4) Town has determined that the municipal drinking water system must be upgraded and improved to protect the health and safety of Town's residents; (5) in the State Court action, Town sought to condemn the Required Property belonging to the Debtor; (6) Town intends to construct a new 800,000 gallon concrete water tank, a new pumphouse, drill a new well, reroute water pipelines, enlarge and redesign existing access roads and acquire land as a spring protection zone; (7) to finance the water system improvements, Town applied for and received federal funds through the State Division of Drinking Water; (8) if the federal funds are not allocated by February 2010, the federal government will take the funds back; (9) without the order of immediate occupancy, it is likely that the State Division of Drinking Water will allocate the funds to another project.

The State Court Order reflects that the Debtor opposed the Town's motion for immediate occupancy arguing that the equities weigh against Town's immediate occupancy because Town failed to demonstrate that condemnation of the Required Property was necessary, Town already had a right of access to the Required Property, that the prior owner of the water system failed to provide regular maintenance to the system and left the system in a state of disrepair and Town knew of the state of disrepair when it acquired the system.

The State Court Order contains the following "Conclusions of Law":

1. At any time after the commencement of suit, and after giving notice to the defendant as provided in Utah Rules of Civil Procedure, the plaintiff may file a motion with the court requesting an order permitting the plaintiff to:

   a. Occupy the premises sought to be condemned pending the action, including the appeal; and

   b. To do whatever work on the premises that is required. UCA 78B-6-210(1).

2. To obtain immediate occupancy, the plaintiff must first make a prima facie showing of its authority to condemn. Specifically, the plaintiff must come forward with some evidence that:

   a. The use to which the property is to be applied is a use authorized by law;

   b. The taking is necessary for the use; and

   c. Construction and use of the property sought to be condemned will commence within a reasonable time as determined by the court. UCA 78B-6-504(1).

3. Additionally, the plaintiff must make a prima facie showing of the requirements prerequisite to immediate occupancy. Specifically, the Court must take proof by affidavit or otherwise of:

   a. The value of the premises sought to be condemned;

   b. The damages that will accrue *from the condemnation*; and

   c. The reasons for requiring speedy occupation. UCA 78B-6-510(2)(a).

4. The Court shall then "grant or refuse the motion according to the equity in the case and the relative damages that may accrue to the parties." UCA 78B-6-510(2)(b).

5. The Utah Supreme Court has held that "weighing the equities of an order of immediate occupancy is largely a discretionary function" to which the appellate courts give deference. Utah County v. Ivie, 2006 UT 33, P7.

6. The requirement that the plaintiff make only a prima facie showing of its authority to condemn and of the requirements for immediate occupancy "stems from appropriate deference to legislative action. . . .

   7. The Town has made a prima facie showing that use of the 7.71 acres for construction of the water system improvements is authorized by law. . . .

   8. There is some dispute as to whether construction of the water system improvements requires the condemnation of all 7.71 acres. However, the Town has made a prima facie showing that condemnation of at least some of this land is necessary for this purpose. . . .

   9. The Town has shown that construction of the water system improvements will commence within a reasonable time.

   10. According to the appraisers retained by the Town and the Association, the value of the land sought to be condemned is somewhere between $13,500 for the entire 7.71 acre parcel to $32,600.00 per acre. . . .

   11. The reasons requiring immediate occupancy are compelling. . . .

   12. If the Court refuses to grant an order of immediate occupancy , the Town will lose the opportunity to access federal funding for the project. . . .

   13. Granting an order or immediate occupancy to occupy the land necessary to construct the water system improvements will not impose upon the Association any damages for which it will not be compensated once this case has been tried. The Town's authority to condemn property necessary to provide municipal services is clear. Subject to its constitutional duty to pay just compensation, the Town will ultimately occupy the land necessary to construct the improvements, either now or after trial. The value and extent of the taking will be determined at trial and the Association will be awarded the just compensation required by the constitution of the United States and this State.

   14. The Court concludes that the equities weight in favor of immediate occupancy. . . .

In the Relief From Stay Motion before this Court, the Town is requesting relief from the automatic stay in order to continue with the construction of the culinary water system. The

Debtor opposes the Town's Relief From Stay Motion arguing that Town acquired the State Court Order through inequitable conduct, that Town's Relief From Stay Motion stay should be denied because of Town's unclean hands, that construction of the well for drinking water on the Required Property violates Utah State law because the well is located within 100 feet of a landfill, that the Town acquired the water system from Daniel Domestic Water Company through a fraudulent transfer that left Daniel Domestic Water Company without the financial ability to satisfy any judgment against it, that Town's application for funding filed with the State Revolving Fund fails to disclose a known environmental problem, and that Town's filing with the Utah Drinking Water Board contains an inaccuracy because Town misstated facts regarding it's acquisition of all assets of Daniel Domestic Water Company. Noticeably absent from Debtor's response is any allegation that the Required Property is necessary to the Debtor for an effective reorganization or that the Debtor will suffer any material prejudice if relief from the automatic stay is granted.

At the hearing on the Relief From Stay Motion, Town introduced evidence showing that Town's present water storage system is deficient in many critical aspects and that Town had been cited by the Utah Department of Environmental Quality because of existing deficiencies in its present water storage system. In addition, evidence was introduced that the present water system is in danger of imminent failure, that the static water pressure readings are below safe and acceptable levels and that the dynamic water pressure capabilities are insufficient to support the Town's firefighting needs. Town introduced evidence that any delay in construction of the municipal drinking water system during the winter months might result in a "hard freeze" which would result in a delay of construction until spring. Evidence was also introduced by Town that

there are no alternative sites available for Town to construct a municipal drinking water system that would provide acceptable water pressure.

## DISCUSSION

The hearing on a motion for relief from stay is a summary proceeding and is not a hearing to adjudicate or make a final determination on claims and defenses. The purpose of the hearing on a motion for relief from the automatic stay is to determine whether a creditor has a colorable claim and whether cause exists to grant relief from the automatic stay. *Grella v. Salem Five Cent Savings Bank*, 42 F.3d 26, 33 (1st Cir. 1994), *In re Utah Aircraft Alliance*, 342 B.R. 327, 332 (10th Cir. BAP 2006).

> The statutory and procedural schemes, the legislative history, and the case law all direct that the hearing on a motion to lift the stay is not a proceeding for determining the merits of the underlying substantive claims, defenses, or counterclaims. Rather, it is analogous to a preliminary injunction hearing, requiring a speedy and necessarily cursory determination of the reasonable likelihood that a creditor has a legitimate claim or lien as to a debtor's property. If a court finds that likelihood to exist, this is not a determination of the validity of those claims, but merely a grant of permission from the court allowing that creditor to litigate its substantive claims elsewhere without violating the automatic stay.

*Grella* at 33. Simply stated, at a hearing on a motion for relief from stay, the court is making a determination whether a matter that is stayed by §362(a) should be resolved in the bankruptcy court or whether it is more appropriately resolved in another forum.

Pursuant to §362(e)(1) a hearing on a motion under §362(d) "may be a preliminary hearing, or may be consolidated with a final hearing under subsection (d) of this section. The court shall order such stay continue in effect pending the conclusion of the final hearing under subsection (d) of this section if there is a reasonable likelihood that the party opposing relief

from such stay will prevail at the final hearing." It is clear that §362(e) intends that the court make a determination at the time of the preliminary hearing. Although 362(e) provides that there may be a preliminary hearing it is clearly more than a scheduling conference.

The court must have a factual basis to make the determination required by §362(e). The court must quickly establish what, if any, material issues of fact are contested and may use procedures similar to motions for summary judgment or preliminary injunctions to establish facts. For example, the court may consider facts admitted in pleadings or oral argument, agreed to pursuant to stipulation, from affidavits or detailed offers of proof. The court may also establish facts through live testimony. Parties should not approach relief from stay hearings in a casual manner. They should be prepared at the time of the hearing to present facts and sound arguments in support of their position if they expect to prevail. There is no reason for parties to assume that a court will not consider, facts and parties should not naively assume that opening statements of counsel will be a satisfactory substitute for evidence required for the court to make a determination.

In its response to the Relief From Stay Motion, the Debtor argues that this Court's ruling on the Relief From Stay Motion must be based on the history of the litigation between the Debtor and Town and because this matter is being heard on an expedited basis, the Debtor has not had time to compile the necessary documents to respond to the Relief From Stay Motion. The Debtor also argues that the Court can not make any ruling on the Relief From Stay Motion without taking evidence and because the facts relating to the Relief From Stay Motion are so extensive, the Court should treat the expedited hearing as a preliminary hearing and schedule a

8

final hearing on the Relief From Stay Motion and allow the Debtor to present evidence at the final hearing.

The Debtor's response is an attempt to tie this Court's hands and is not a novel argument. It is not uncommon for a debtor to argue that the court must consider extensive evidence before ruling on a motion for relief from the automatic stay and that the court must delay ruling on a motion for relief from the automatic stay until the debtor can prepare and present its extensive evidence at a final hearing. Arguing that the court must delay its determination in order to receive extensive evidence before it can rule on a motion for relief from the automatic stay obscures and distorts the procedural scheme and the summary nature of proceedings under § 363(d) and (e).

Most problematic for the Debtor is that the only arguments raised by the Debtor go to issues that this Court may not consider because these issues were or should have been raised in the State Court action and have been adjudicated by State Court Order. The *Rooker–Feldman* doctrine[3] prohibits a party that lost in state court from seeking what, in substance, would be an appellate review of a state court judgment in federal court based on the losing party's claim that the state court judgment itself violates the losers rights under federal law. *Kiowa Indian Tribe v. Hoover,* 150 F.3d 1163, 1169 (10th Cir. 1998). The *Rooker-Feldman* doctrine operates as a jurisdictional bar to two categories of claims: (1) those that were actually decided by a state

---

[3] The *Rooker-Feldman* doctrine is the product of two Supreme Court cases interpreting 28 U.S.C. § 1257(a) which provides that final judgments or decrees rendered by the highest court of a state in which a decision could be made, may be reviewed by the Supreme Court by writ or certiorari. The *Rooker-Feldman* doctrine infers that if appellate review of state court judgments is vested in the United States Supreme Court, it follows that review is not vested in lower federal courts. *See: Rooker v Fidelity Trust Co.,* 263 U.S. 413, 415-416 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 (1983).

court, and (2) those that are inextricably intertwined with a state court judgment. "Where the plaintiff seeks a remedy that would "disrupt or undo" a state court judgment, the federal claim is inextricably intertwined with the state court judgment." *Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1148 (10th Cir. 2004). *Pittsburg County Rural Water District No. 7 v. City of McAlester*, 358 F.3d 694, 707 (10th Cir. 2004. Because the *Rooker-Feldman* doctrine is jurisdictional, it may be raised *sua sponte*. *Johnson v. City of Shorewood, Minnesota*, 360 F.3d 810, 818 (6th Cir. 2004). The *Rooker-Feldman* doctrine applies even in cases where misrepresentations were perpetrated in the state court proceeding and were allegedly not discovered until after the fact. *See: Johnson* at 819.

Whether the State Court Order is a temporary or final order is not critical to this Court's decision. "[T]he *Rooker-Feldman* doctrine-unlike res judicata-does not distinguish between 'temporary' and 'final' orders. *Kenmen Engineering v. City of Union*, 314 F.3d 468,474 (10th Cir. 2002).

The Debtor's efforts to stay the Town's possession of the Required Property seeks a remedy that would clearly disrupt or undo the State Court Order. If this Court enforces the automatic stay and prohibits the Town from continuing its occupancy and use of the Required Property in accordance with the provisions of the State Court Order, this Court is effectively conducting an appellate review of the State Court Order. The claims raised by Debtor in response to the Relief From Stay Motion focus entirely upon issues decided by the State Court or are inextricably intertwined with the issues decided by the State Court. Debtor's response to the Relief From Stay Motion is a collateral attack upon the State Court Order. The Debtor's

arguments would require this Court to review the merits of the State Court Order. Under the *Rooker-Feldman* doctrine this Court can not review the merits of the State Court Order.

Even if this Court were permitted to consider the defenses raised by the Debtor, this Court would still grant Town's motion for relief from the automatic stay. Under 11 U.S.C. § 362(d)(1), a bankruptcy court shall grant relief from the automatic stay for "cause". Because there is no clear definition of what constitutes "cause," discretionary relief from the stay must be determined on a case by case basis. *Pursifull v. Eakin*, 814 F.2d 1501, 1506 (10th Cir. 1987). The evidence presented at the hearing on the Relief From Stay Motion shows that the present water system utilized by the Town is deficient and is in danger of imminent failure. There is no alternative site available for construction of the Town's municipal drinking water system. The health and safety of the Town's citizens may be severely jeopardized if construction of the new water system is delayed or terminated. Denial of the motion for relief from stay would prejudice not only the Town but would prejudice the health and safety of the Town's citizens. Based on this evidence, Town has shown that there is good "cause" for the Court to grant relief from the automatic stay.

Once the court determines that the movant has demonstrated a colorable claim, i.e., a facially valid claim to support it's motion for relief from the automatic stay, the court must then "consider whether the objector has raised a colorable defense that, not merely offsets the movant's claim, but actually would defeat the movant's claim." *In re Utah Aircraft Alliance*, 342 B.R. 327, 322 (10th Cir. BAP 2006). The objections raised by Debtor do not offset or defeat the "cause" shown by Town. The Debtor does not allege that its plan of reorganization would be hindered or jeopardized by granting relief from the stay. No argument was raised by Debtor that

11

granting relief from stay would impose an economic hardship upon the Debtor or the bankruptcy estate. No argument was raised by the Debtor that the Required Property is necessary for an effective reorganization. No argument was raised by Debtor that granting relief from stay would cause a loss of equity in the Debtor's property. When asked what prejudice would be visited upon the Debtor if relief from the stay were to be granted, the Debtor was unable to described a prejudice that would have a material effect upon the Debtor's bankruptcy proceeding.  The only prejudice described by the Debtor arises out of the State Court Order. Where a state court proceeding deals primarily with issues involving matters of state law, those issues are best decided by the state courts and cause exists to terminate the automatic stay. *In re Caselerock Properties*, 781 F.2d 159, 163 (9th Cir. 1985).

## **CONCLUSION**

Based on the foregoing, this Court finds that cause exists to terminate the automatic stay and the Town's motion for relief from the automatic stay to continue to use and occupy the Required Property pursuant to the State Court Order should be granted.

--------------------------------------------END OF DOCUMENT-----------------------------------------

_____ooo0ooo_____

## SERVICE LIST

Service of the foregoing **Memorandum Decision** will be effected through the Bankruptcy Noticing Center to the following parties.

West Daniels Land Association, inc.
3139 East Linda Lane
Gilbert, AZ 85234

J. Grant Moody
Duval Haws & Moody
947 South 500 East
Suite 200
American Fork, UT 84003

Michael W. Baldwin
Michael W. Baldwin, P.C.
P.O. Box 35487
Tucson, AZ 85740-5487

Douglas J. Payne
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, UT 84111-2323